VICTORIO C. RIVERA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rivera v. Commissioner
Docket No. 26837-93
United States Tax Court
T.C. Memo 1994-625; 1994 Tax Ct. Memo LEXIS 634; 68 T.C.M. (CCH) 1483; December 20, 1994, Filed *634 Decision will be entered for the respondent. Victorio C. Rivera, pro se. For respondent: Ann Murphy DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax in the amount of $ 3,213 for the year 1990. The sole issue for decision is whether interest income on life insurance proceeds in the amount of $ 14,033.13, received by petitioner as a beneficiary of two life insurance policies, constitutes taxable interest income. Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Salem, Oregon, on the date the petition was filed in *635 this case. In 1990, petitioner received two checks, both dated April 20, 1990, from New York Life Insurance Company, as beneficiary of two life insurance policies. One check in the amount of $ 28,868.51, representing payment on policy number 31071109, consisted of $ 18,669.00 of life insurance proceeds and $ 10,199.51 of interest. The second check in the amount of $ 10,850.62, representing payment on policy number 30505223, consisted of $ 7,017.00 of life insurance proceeds and $ 3,833.62 of interest. Petitioner does not deny receiving the insurance proceeds or the interest income. However, petitioner did not report the interest paid to him under either policy in gross income for 1990. Petitioner later received a "Statement for Recipients of Interest-Income" (Form 1099) for 1990 from the New York Life Insurance Company, which reflected that petitioner had interest earned in the amount of $ 14,033.13. Petitioner testified that the Form 1099 was not received until 1992 at which time he declined to report the interest income because he believed it was excludable from income. Petitioner contends he was not aware of the interest income until 1992, at which time he declined to report *636 the interest income on the grounds that it was received by reason of a person's death. In addition, petitioner made typical tax protester type arguments as a basis for exclusion. Respondent contends that the interest received is fully taxable. Under section 101 life insurance proceeds payable by reason of the death of the insured are not includable in the gross income of the recipient. Sec. 101(a). The exclusion for life insurance proceeds is limited to the principal amount payable at death. Interest on excludable amounts is fully taxable. Sec. 101(c). Moreover, under section 61, interest received by or credited to the taxpayer constitutes gross income and is fully taxable. The regulations specify that interest income includes interest on life insurance proceeds held under an agreement to pay interest thereon. Sec. 61; sec. 1.61-7, Income Tax Regs.
The determination of respondent, as contained in the notice of deficiency, is presumed to be correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner concedes that $ 14,033.13 of the amount received constitutes interest income. Although petitioner's nonreceipt of a Form 1099 *637 may be a mitigating factor for the imposition of a negligence penalty, it does not justify exclusion from gross income. Sec. 61; Graham v. Commissioner, T.C. Memo. 1985-411. Moreover, petitioner's tax protester type arguments are summarily rejected. Abrams v. Commissioner, 82 T.C. 403 (1984). Accordingly, we find the interest income in the amount of $ 14,033.13, received by petitioner, on both life insurance policies to be fully taxable. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩